IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID MEISENHEIMER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **DAC VISION INCORPORATED**, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW David Meisenheimer ("Meisenheimer" or "Plaintiff") and files this Original Complaint (hereinafter "this Complaint" or "Pleading") complaining of DAC Vision, Incorporated ("DAC Vision," "the Company," "You," "Your" or "Defendant") in the above-referenced lawsuit (hereinafter this "Action") and pursuant to the Federal Rules of Civil Procedure (hereinafter the "Rules") would respectfully show the Court the following:

## THE PARTIES

1.      Plaintiff David Meisenheimer is an individual who resides in Tarrant County, Texas.

2.      Defendant DAC Vision Incorporated is a Texas for-profit corporation based in Dallas County, Texas.

---

## SERVICE

3.      Defendant DAC Vision may be served by serving the Complaint and citation upon its registered agent for service:

Dan McWilliams
3630 West Miller Road, Suite 250
Garland, TX 75041

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. Specifically, in pertinent part, Plaintiff asserts claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621 *et seq*.

5.      To the extent necessary, Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      All conditions precedent to all relief being sought by Plaintiff(s) in this Action have been met, performed, occurred and/or been waived.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since DAC Vision is based in Dallas County, Texas and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## DAMAGES FOR MENTAL ANGUISH

8.     As a direct and proximate result of DAC Vision's actions or inactions and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff has suffered and will suffer past, present and future severe mental anguish, for which he pleads to recover at trial.

## PUNITIVE DAMAGES

9.     As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, which damaged him and his reputation, Plaintiff is entitled to recover exemplary damages.

## WHAT THIS LAWSUIT IS ABOUT

10.     Plaintiff, David Meisenheimer, worked for DAC Vision for over fourteen (14) years. Meisenheimer was 61 years old when he was terminated in December 2017 for no legitimate reason. During the months leading up to and following Plaintiff's termination, his direct supervisor repeatedly expressed an interest in "retiring DAC Vision's older salespeople," and replacing Meisenheimer with "someone younger and more energetic."

11.     On behalf of himself and other employees, Plaintiff objected to DAC Vision's failure to comply with and violation of the labor laws. DAC Vision retaliated against Plaintiff by terminating him without any justification.  During the same time period, and consistent with its stated desire to retire DAC Vision's older salespeople, other, older employees, including salespeople, were fired without justification or incented to resign by DAC Vision.

12.     After Plaintiff was wrongfully discharged, he was replaced by a significantly younger and less experienced person -- Joe Ciochetto ("Ciochetto").

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                               Page 3

**Meisenheimer's Exceptional Performance for  More than Fourteen (14) years and his New European Managers During the Last Two**

13.     Meisenheimer was hired by DAC Vision in June 2003 as Vice President of Sales and Marketing. At that time, he had over twenty (20) years of experience in sales and marketing. After five years at DAC Vision, Meisenheimer was promoted to President of the Company.

14.     As reflected by his rapid ascent and series of promotions, Meisenheimer was extremely successful at the Company. He devoted himself entirely to the Company. For example, in his last year with the Company, he personally flew about 125,000 miles to various trade shows and business meetings to grow the business, which he did.

15.     In December 2014, DAC Vision became a subsidiary of Satisloh North America Inc. ("Satisloh"), which is affiliated with a European company, Essilor International. Meisenheimer's direct supervisors from that time forward all lived and worked in Europe. These included Patrick Poncin ("Poncin"), the President of Satisloh who lived in Paris, France; Bruno Fischer ("Fischer"), Satisloh's Global CFO who is from Switzerland; and Warner Kalb ("Kalb"), Satisloh's Vice-President of Consumables who is from Germany. Kalb was Meisenheimer's direct boss.

**DAC Vision's Open Disregard for American Employment Laws**

16.     Poncin, Fischer, and Kalb were all involved in the decision to terminate Meisenheimer, and each was openly dismissive of American employment laws. Fischer, Kalb, and Poncin all openly asked about the age and family status of employees and potential employees, despite communications from Meisenheimer and the Company's HR department that such questions were inappropriate and violated American labor laws.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                         Page 4

17.     In one such instance, Meisenheimer was working with a DAC Vision HR manager to interview candidates for a CFO position in Garland, Texas. Fischer and Kalb wanted to participate in the final interviews by telephone. Prior to the interviews, both Meisenheimer and the Company HR Manager specifically requested that Fischer and Kalb not ask any candidate their age or family status. But they disregarded these instructions and asked a candidate about his age, marital status, and number of children.

18.     Similarly, at an Essilor kick-off meeting in Chamonix, France, Poncin opened the meeting by asking everyone to introduce themselves by giving their age, family situation, how long they had been with the Essilor Group, and their prior experience. When Meisenheimer explained that these questions were not allowed in America, Poncin just laughed and said "We are not in America." Meisenheimer felt pressured to answer the questions so he did so.

19.     On February 20, 2017, <u>less than three (3) months before he was fired without justification</u>, at a meeting at the office of the Company's Singapore affiliate, Kalb stated that he wanted to discuss "retiring DAC Vision's older salespeople." Meisenheimer objected, explaining that this would be unlawful and the Company could not dismiss people based on their age.

20.     Kalb was very aggressive in response, making it clear that he did not want to hear this. Nonetheless, Meisenheimer strongly stated and defended the need to comply with U.S. age discrimination laws. Not surprisingly, the meeting ended with a tense tone.

**Meisenheimer's Wrongful Termination and DAC Vision's Refuysal to Pay Contractually Required Severance Payments**

21.     <u>Less than three (3) months later,</u> at Meisenheimer's very next meeting with Kalb in April of 2017, Kalb stated to Meisenheimer that Meisenheimer was being terminated from the Company effective December 31, 2017. Kalb also stated to Meisenheimer that this was not a performance-based decision.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

22.     Later that year, as Meisenheimer was departing from the Company's 2018 budget meetings in Germantown, Wisconsin, he was presented with a "Separation Agreement" that required him to provide a global release in order to receive severance benefits. However, under the terms of Meisenheimer's employment agreement, a release was not required in order to receive the severance benefits promised to him per the terms of his employment agreement.

23.     As Meisenheimer knew that his termination was based on his age and his actions in complaining about the Company's age discrimination, he refused to sign the Separation Agreement containing the release language.  He was still entitled, however, to receive the severance benefits but the Company has failed and refused to pay those benefits to Plaintiff.

24.     Meisenheimer's last day with the Company was December 31, 2017, and he has not received the severance benefits to which he is entitled under the terms of his employment agreement.

**DAC Vision's Preference for Younger Employees**

25.     In late December 2017, Kalb told another Company employee that they were replacing Meisenheimer with "someone younger and more energetic." And in Mid-January 2018, Kalb told another Company employee that DAC Vision was in the process of searching for "someone younger and more energetic" to replace him.

26.     Meisenheimer was indeed eventually replaced by someone more than 20 years younger than him and whose experience and skills were substantially less than his.

**CAUSE OF ACTION:  BREACH OF CONTRACT (EMPLOYMENT AGREEMENT)**

27.     Pursuant to Texas state law, a cause of action is pled against You for breach of contract.  The allegations contained in all of the paragraphs of this Pleading are hereby reaverred

and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

28.     Plaintiff entered into a valid written contract with You: specifically, a written, signed employment agreement. Plaintiff gave You valuable consideration and fully performed all duties required of Plaintiff under the contract and performed all conditions precedent under the contract.  You breached said contract by refusing to follow the express and/or implied terms of said contract.  In particular, You breached this contract by not giving Plaintiff the severance benefits to which he was entitled under the terms of the contract.

29.     As a direct and proximate consequence of Your breach, Plaintiff suffered damages. In particular, Plaintiff did not receive the benefit of his bargain with You.

30.     Because of the above-described breach of contract, Plaintiff had to retain attorneys to prosecute this Action and agreed to pay the retained attorneys a reasonable fee. Pursuant to Texas Civil Practice & Remedies Code §§ 38.000-38.006 et seq., Plaintiff gave You proper notice of Plaintiff's claims and proper notice of this claim for attorneys' fees.

### CAUSE OF ACTION:  AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

31.     Pursuant to federal law, a cause of action is pled against DAC Vision for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 6281 et seq. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as set forth verbatim herein.

32.     In violation of the ADEA, DAC Vision discriminated against Plaintiff because of his age in connection with compensation and the terms, conditions, and privileges of employment and limited Plaintiff in a manner that deprived him or tended to deprive him of

---

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                      Page 7

employment opportunities and adversely affected his status as an employee. DAC Vision effectuated this discriminatory act, by and through Poncin, Fischer, Kalb and other employees. Specifically, Plaintiff was fired because of his age and soon after Plaintiff was fired, without justification, a younger, less qualified, and less experienced employee was hired in his place.

33.     Therefore, all rights and remedies and legal relief available are sought for violation of the ADEA, including but not limited to past and future lost compensation and benefits, additional damages equal to Plaintiff's lost past compensation and benefits in the form of liquidated damages, and compensation for emotional distress and punitive damages.

34.     As a direct and proximate result of Your discriminatory termination of Plaintiff, he suffered damages including but not limited to past and future lost compensation and benefits, additional damages equal to Plaintiff's lost past compensation and benefits in the form of liquidated damages, emotional distress damages and punitive damages.

35.     Plaintiff has met all procedural prerequisites of bringing this ADEA claim. Plaintiff filed charges relating to these violations on February 13, 2018 and received a Right to Sue letter, mailed March 18, 2019, from the EEOC relating to these claims. Further, Plaintiff is within all applicable statutes of limitations for bringing this Action.

## CAUSE OF ACTION:  RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

36.     A cause of action is pled against You for retaliation in violation of the ADEA. The allegations contained in all of the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

37.     Your action in terminating Plaintiff after and because he opposed Your discriminatory practices constituted adverse employment decisions and retaliation in violation of

the ADEA.  Therefore, all rights and remedies and legal relief available are sought for violation of the ADEA, including but not limited to past and future lost compensation and benefits, additional damages equal to Plaintiff's lost past compensation and benefits in the form of liquidated damages, and compensation for emotional distress and punitive damages.

38.     As a direct and proximate result of Your retaliatory termination of Plaintiff, he suffered damages including but not limited to past and future lost compensation and benefits, additional damages equal to Plaintiff's lost past compensation and benefits in the form of liquidated damages, emotional distress damages and punitive damages.

39.     Plaintiff has met all procedural prerequisites of bringing this ADEA claim. Plaintiff filed charges relating to these violations on February 13, 2018 and received a Right to Sue letter, mailed March 18, 2019, from the EEOC relating to these claims.  Further, Plaintiff is within all applicable statutes of limitations for bringing this Action.

## ATTORNEYS' AND EXPERTS' FEES

40.     The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

41.     Plaintiff seeks to recover his reasonable attorneys' fees and costs, including reasonable expert witness fees, as permitted under the Age Discrimination in Employment Act.

## CAUSE OF ACTION:  VICARIOUS LIABILITY

42.     Pursuant to Texas state law, a cause of action is pled against DAC Vision for vicarious liability.  The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

43.     At the time of the discrimination, retaliation and wrongful termination, and all times relevant to this Action, Poncin, Fischer, and Kalb, among others, were agents, servants, and employees of DAC Vision, and at all relevant time periods were acting in the course and scope of their authority as agents, servants, and employees of DAC Vision. The activities of Poncin, Fischer, and Kalb, among others, were motivated by a desire to benefit DAC Vision.

44.     Pursuant to the doctrine of respondeat superior, DAC Vision's employees' negligent and intentional acts and omissions, as described in greater particularity above, are imputed to DAC Vision.

45.     Each of the above-referenced acts and omissions by Poncin, Fischer, and Kalb, singly or in combination with others, proximately caused the damages Plaintiff suffered.

## MISCELLANEOUS

46.     The right to plead any and all claims, causes of action and/or theories in the alternative is invoked and all claims, causes of action, and/or theories of recovery are hereby plead in the alternative to the extent necessary. The right to bring additional causes of action against and to amend this Action as necessary is hereby specifically reserved. All conditions precedent to all relief in this Action have been met, performed, occurred and/or waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer this Pleading and that upon final hearing, this court enter judgment in favor of Plaintiff against Defendant for:

     a.   compensatory damages, past and future lost compensation and lost benefits (as reinstatement is not feasible), liquidated damages, mental anguish damages, emotional distress damages, and punitive damages;

     b.   reasonable attorneys' and experts' fees,

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

c.   reasonable paralegal fees,

d.   costs of court;

e.   pre- and post-judgment interest at the highest rate allowed by law; and

f.   such other and further relief, general or special, at law or in equity, to which
Plaintiff may be justly entitled.

Respectfully submitted,

**ROGGE DUNN**
Texas State Bar No. 06249500
Email:  dunn@roggedunngroup.com

**BRYAN COLLINS**
Texas State Bar No.  04604850
Email:  collins@roggedunngroup.com

**JOHN M. LYNCH**
Texas State Bar No. 24063968
Email: lynch@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
**ATTORNEYS FOR**
**PLAINTIFF DAVID MEISENHEIMER**