IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID MEISENHEIMER, §
§
Plaintiff, §
§
V. § No. 3:19-cv-1422-M
§
DAC VISION INCORPORATED, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO QUASH DEPOSITION NOTICES[1]

Defendant DAC Vision Incorporated has filed a Motion to Quash Deposition

Notices, *see* Dkt. No. 13, asking the Court to "quash [Plaintiff David Meisenheimer's]

September 6, 2019 Notice of Oral and Videotaped Deposition of Corporate

Representative of DAC Vision, Incorporated and Plaintiff's October 29, 2019 Notice of

Oral and Videotaped Deposition of Corporate Representative of DAC Vision,

Incorporated, and order Plaintiff to give his deposition first on date agreeable between

the parties," *id.* at 5.

Chief Judge Barbara M. G. Lynn has referred the Motion to Quash to the

undersigned United States magistrate judge for a hearing, if necessary, and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of
"written opinion" adopted by the Judicial Conference of the United States, this is a
"written opinion[] issued by the court" because it "sets forth a reasoned explanation for
[the] court's decision." It has been written, however, primarily for the parties, to decide
issues presented in this case, and not for publication in an official reporter, and should
be understood accordingly.

determination under 28 U.S.C. § 636(b). *See* Dkt. No. 14. Meisenheimer filed a response, *see* Dkt. No. 16, and DAC filed a reply, *see* Dkt. No. 17.

DAC argues that Meisenheimer's notice of a Federal Rule of Civil Procedure 30(b)(6) deposition of DAC's corporate representative was served on September 6, 2019, before the parties' Federal Rule of Civil Procedure 26(f) conference on October 3, 2019, and therefore premature and invalid; that DAC then served the first timely, valid deposition notice for Meisenheimer's deposition and "has reserved the right to depose Plaintiff first" and that Meisenheimer "cannot obfuscate that right simply by unilaterally noticing Defendant's corporate representative deposition for an earlier date"; that, "[e]ven if Defendant's deposition notice was not the first valid one under the Rules, it is a routine custom and fundamental tenet that, short of extenuating circumstances, plaintiffs should give their depositions first because they initiated the lawsuit and have the burden of proof at trial"; and that "it is contrary to fundamental fairness to require a defendant to proceed blindly into a deposition, particularly a corporate representative deposition, without a full understanding of the details of the plaintiff's claims." Dkt. No. 13 at 3-4.

Meisenheimer responds that he validly served a deposition notice on September 6, 2019 because it sought to take the deposition on November 22, 2019, after the Rule 26(f) conference; that, if priority goes to the first-served notice, he is entitled to take DAC's deposition first because he served notice first; and that even if he "had not served his deposition notice first, the circumstances support denial of Defendant's Motion to Quash and permitting Plaintiff to take Defendant's deposition first" because

Meisenheimer should not be required to wait months into discovery to pursue DAC's deposition and because "permitting Defendant to take Plaintiff's deposition in this case would be highly prejudicial to Plaintiff" where DAC "claims that its employment decisions regarding Plaintiff 'were based on legitimate, non-discriminatory, and non-retaliatory reasons'" and, "[i]f this is true, then Defendant has no need to take Plaintiff's deposition first" and "doing so would be potentially injurious to the Plaintiff as Defendant's corporate representative(s) will be permitted to tailor their story based on Plaintiff's testimony." Dkt. No. 16 at 3-6. Meisenheimer asks the Court to order DAC "to present its corporate representative(s) for deposition prior to any deposition of the Plaintiff." *Id.* at 6.

DAC replies that Meisenheimer's argument that his September 6, 2019 notice was timely misreads Federal Rules of Civil Procedure 26(d)(1) and 30(a)(2)(A)(iii), which rules render his premature notice invalid; that DAC "should have the benefit of Plaintiff's testimony first not so it can 'tailor [its] story' but so that it may have a full understanding of his claims before other discovery occurs"; and that DAC is not trying to delay discovery by seeking to depose Meisenheimer first on January 23, 2020 but rather "to make room for written discovery and to work around the parties' and attorneys' busy holiday schedules." Dkt. No. 17 at 1-4 (internal quotation marks omitted).

None of this bodes well for a cooperative discovery process in this case going forward. But the Court has carefully considered the parties' briefing and DENIES the Motion to Quash for the reasons explained below.

**Legal Standards & Analysis**

Federal Rule of Civil Procedure 26(f)(1) dictates that, "[e]xcept in a proceeding exempted from initial disclosure under [Federal Rule of Civil Procedure] 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under [Federal Rule of Civil Procedure] 16(b)." FED. R. CIV. P. 26(f)(1). Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1).

Federal Rule of Civil Procedure 30(a)(2)(A)(iii) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: ... (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time." FED. R. CIV. P. 30(a)(2)(A)(iii). And, under Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," and, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(1), 30(b)(6).

Once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as Federal Rule of Civil Procedure 26(f) requires, "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." FED. R. CIV. P. 26(d)(3). "Rule 26(d) generally governs the sequencing of discovery unless the Court enters a protective order under [Federal Rule of Civil Procedure] 26(c) or another order governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29." *Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014).

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citations omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco*

*Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

Those are the rules that govern this dispute. DAC must show good cause for the relief it seeks under Rule 26(c)(1), and it cannot do so by invoking non-existent he-who-serves-the-first-notice-can-dictate-the-order-of-depositions and the-plaintiff-must-be-deposed-first rules. The Advisory Committee's Notes to the 1970 amendments to Federal Rule of Civil Procedure 26(d) in fact discuss "[a] priority rule developed by some courts, which confers priority on the party who first serves notice of taking a

deposition," and explain that Rule 26(d) was amended "to eliminate any fixed priority in the sequence of discovery" "based on the [] view that the rule of priority based on notice is unsatisfactory and unfair in its operation." Fed. R. Civ. P. 26(d) advisory committee's note (1970). As amended almost 50 years ago, "Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnote omitted).

The Federal Rules do not impose general or per se rules on the ordering of depositions of the sort that DAC invokes and relies on. And the case law to which DAC looks for support do not state otherwise. *See Golla v. City of Bossier City*, Civ. A. No. 06-2298, 2007 WL 2253416, at *1 (W.D. La. Aug. 1, 2007) (explaining that "each side wants to depose the other side first, and each side offers good reason why their discovery should be given preference"; that, "[c]onsistent with the vast discretion afforded courts in the management of discovery, the court hereby orders Plaintiffs to submit to depositions first," where "Plaintiffs filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first" and that "[i]t is not unfair to require them to be deposed first"); *Sigur v. Emerson Process Mgmt.*, Civ. A. No. 05-1323-A-M2, 2006 WL 8434219, at *6 (M.D. La. Jan. 13, 2006) (noting that "the Federal Rules of Civil Procedure are silent as to the order in which depositions are to be taken"); *Baggs v. Highland Towing, L.L.C.*, No. Civ.A. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22,1999) (stating only that "it makes sense in this case that the party whose allegations commenced the lawsuit should be deposed first so that a full

understanding of his claims may be obtained before other discovery occurs"); *Warning Lites Co. v. Leggitt*, 32 F.R.D. 431, 433 (W.D. Tex. 1963) (noting that "[t]he rules are silent as to the order in which depositions are to be taken").

Whether Meisenheimer's properly or validly served a notice on September 6, 2019, for a November 23, 2019 deposition, before the parties' Rule 26(f) conference on October 3, 2019, may raise a potentially difficult matter of construing the combined effect of Rules 26(d)(1) and 30(c)(2)(iii). And the Court cannot accept Meisenheimer's argument that Federal Rule of Civil Procedure 26(d)(2)'s provisions – which only govern early Federal Rule of Civil Procedure 34 requests – render his September 6 Rule 30(b) timely as of the date of the Rule 26(f) conference. But the Court need not decide whether the September 6 notice was proper because Meisenheimer also served an amended notice on October 24, 2019 for the November 23, 2019 Rule 30(b)(6) deposition of DAC's corporate representative. The September 6 notice has been superseded by Meisenheimer's amended notice served after the Rule 26(f) conference.

But that, too, sought a deposition on November 23, 2019 – which DAC's filing of its motion caused the Court to stay.

DAC seeks an order quashing that October 24, 2019 notice and ordering Meisenheimer to give his deposition first on date agreeable between the parties. As good cause for this requested protective order, DAC argues that:

· "it is a routine custom and fundamental tenet that, short of extenuating circumstances, plaintiffs should give their depositions first because they initiated the lawsuit and have the burden of proof at trial";

- "[i]t is for Plaintiff to explain the merits of his lawsuit and for DAC to respond in defense, not the other way around";

- "it is contrary to fundamental fairness to require a defendant to proceed blindly into a deposition, particularly a corporate representative deposition, without a full understanding of the details of the plaintiff's claims" and "allegations via his deposition"; and

- "[t]o hold otherwise would unfairly prejudice Defendant's ability to defend itself in this lawsuit and prepare for the deposition of its corporate representative without the benefit of Plaintiff's testimony."

Dkt. No. 13 at 4-5; Dkt. No. 17 at 4.

DAC has not met its burden to show good cause for the Court to, in its discretion, issue a protective order override Meisenheimer's seeking deposition testimony in an order that he sees fit and as the Federal Rules generally permit to protect DAC from annoyance, embarrassment, oppression, or undue burden or expense based on a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.

DAC's arguments for good cause do not rely on facts particular to this case to justify why it must be permitted to depose Meisenheimer before Meisenheimer deposes DAC's corporate representative.

Rather DAC relies on general customs or standards that it holds out as rules – but that are not rules and that, unlike rules governing the due order of pleading or of presentation of evidence at trial, do not automatically provide good cause in every case

to require a plaintiff to give deposition testimony as to what he or she or it knows about the facts and circumstances relevant to the claims and defenses in a case before a defendant or a defendant's representative does so.

## Conclusion

The Court DENIES Defendant's Motion to Quash Deposition Notices [Dkt. No. 13] and ORDERS that Defendant DAC Vision Incorporated present its corporate representative for deposition on Plaintiff's notice on a date agreeable between the parties no later than January 10, 2020.

Finally, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the Court determines that, under all of the circumstances presented here, the parties will bear their own expenses, including attorneys' fees, in connection with this motion.

SO ORDERED.

DATED: December 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE